836 P.2d 1088

**Robert D. FREEMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 19784.

Court of Appeals of Idaho.

Aug. 6, 1992.

Petition for Review Denied Sept. 22, 1992.

See also, 110 Idaho 117, 714 P.2d 86.

Robert D. Freeman, pro se.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., for respondent.

PER CURIAM.

█ In a petition for post-conviction relief filed pro se in the district court under the Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901 through –4911 (UPCPA), Robert Freeman alleged that his plea to the charges leading to his conviction could not stand because the state had violated the part of the plea agreement whereby Freeman would be entitled to a parole hearing at least every thirty months as prescribed by policies of the Commission of Pardons and Parole.[1] Freeman also alleged that he was entitled to post-conviction relief because he was being discriminated against by the commission whose agenda was, as a matter of course, to deny parole to sex offenders. On consideration of Freeman's petition, and of his amended petition submitted in response to the court's notice of intent to dismiss the petition, the court determined that the petition was untimely and dismissed it. Freeman appeals from the order dismissing his petition.[2] We affirm.

In his appeal, Freeman disputes that his post-conviction petition was untimely by advancing an unsupported interpretation of that part of I.C. § 19–4902 which prescribes when a post-conviction petition may be filed. He contends first that the statute is ambiguous and that the court was uncertain as to how to calculate the time for filing a post-conviction petition for relief. He also contends that to accept the court's calculations of time limits forecloses "an avenue to remedy causes of action which may occur after UPCPA rights expire, while defendant is still incarcerated and has not abandoned his case."

Idaho Code § 19–4902 defines the time within which a petition for post-conviction relief may be filed as follows:

An application may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

In ruling on Freeman's petition, which was dated August 12, 1991, the court referred to the date of the decision of the appellate court on the direct appeal,[3] January 30, 1986, to calculate the five years prescribed in I.C. § 19–4902. The court concluded that the five-year period of limitation expired on or about February 20, 1991.

█ Our review of the court's construction and application of a statute, the UPCPA, is a matter of free review. *Hanks v. State*, 121 Idaho 153, 823 P.2d 187, 188 (Ct.App.1992), *citing State v. Cheney*, 116 Idaho 917, 919, 782 P.2d 40, 41 (Ct.App. 1989). We recently stated that

a reading of [I.C. § 19–4902] clearly reveals the legislature's intent to make the time period for bringing an application for post-conviction relief limited by the time period in which the applicant could have perfected a direct appeal from the underlying judgment of conviction, plus five years.

*Hanks v. State*, 121 Idaho at 154, 823 P.2d at 188. Noting, as does *Freeman*, that in *Hanks* there was no direct appeal from the judgment of conviction, we are asked to interpret the language of the statute, "within five years ... from the determination of a proceeding following an appeal," to mean that the five-year limitation for bringing an application begins anew after "determination" of each successive post-conviction petition. However, this argument repeats the one in *Hanks*, which we held was incorrect.

---

1. Freeman pled guilty to two counts of lewd conduct with a minor. He was sentenced in 1982 to an indeterminate twenty years on the first count and a consecutive, indeterminate ten years on the second count. His conviction and his sentences were upheld in *State v. Freeman*, 110 Idaho 117, 714 P.2d 86 (Ct.App.1986).

2. The notice of appeal from the district court's order dismissing the petition as untimely was filed on February 4, 1992, which is beyond the

forty-two day time limit within which to file an appeal from a final order. I.A.R. 14. The time for filing the appeal, however, was extended by the filing of Freeman's motion to reconsider the dismissal which was timely filed within fourteen days of the order to be reconsidered. I.R.C.P. 11(a)(2)(B); I.C.R. 57(b); I.A.R. 14.

3. *State v. Freeman*, 110 Idaho 117, 714 P.2d 86 (Ct.App.1986).

At the time of the 1979 amendment to I.C. § 19–4902, the legislature's statement of purpose indicated that "this bill would limit the time during which a defendant could seek relief under the Uniform Post–Conviction Procedure Act to five years after appeal procedures have been terminated." Statement of Purpose, H.B. Nos. 1–351, H.J.R. 1–4, H.C.R. 4–28, 45th Leg. 1st Sess.1979. We, therefore, understand that a "proceeding following an appeal" may include a remand of the criminal case to the trial court as a consequence of the direct appeal from a judgment of conviction, for example, but does not encompass a separately filed proceeding under the UPCPA or one for relief such as by way of a writ of habeas corpus, subsequent to the judgment of conviction. Although the object of post-conviction proceedings is to afford relief from illegal and improper convictions, the post-conviction proceedings are not an extension of and not a substitute for a direct appeal of the judgment of conviction and sentence. *See* I.C. § 19–4901.

The UPCPA simply affords the opportunity for a collateral challenge not in the continuous stream of events and procedure leading to the finality of a conviction in the very proceeding in which the conviction is pronounced. That finality may be reached by a failure to appeal the judgment, or by an affirmance of the judgment on appeal without a remand to the trial court for further action, or upon completion of the case consistent with directives given with a remand from the appellate court and exhaustion of further appellate remedies. Thus, although a UPCPA proceeding may be commenced after the "determination of a proceeding following an appeal" the time limit to file an application under the UPCPA is not renewed or extended by any other collateral post-judgment proceeding.

We note that the court's order denying Freeman's motion for reconsideration of the dismissal makes reference to September 7, 1987, as the expiration date for the filing of Freeman's petition. The record reveals that this date would have applied in the event Freeman had not filed a direct appeal, which was the situation originally perceived by the district judge when he issued the notice of intent to dismiss Freeman's petition.

The direct appeal of Freeman's 1982 judgment of conviction resulted in an opinion affirming the conviction and sentence ordered by the court. We calculate five years from the determination of Freeman's direct appeal—issuance of a remittitur—to be on or about February 21, 1991. To Freeman's detriment, the date of the filing of his latest petition here exceeded that date by approximately six months. We conclude that the petition filed by Freeman was untimely.

We affirm the order of the district court dismissing the petition and the order denying relief on the reconsideration motion.