21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee Mazur HAYS, Petitioner-Appellant,
v.
Joseph KLAUSER, Respondent-Appellee.
 No. 93-35243.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1994.*
Decided April 14, 1994.
 
 Before: WRIGHT, TANG, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee Hays, an Idaho prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. The district court dismissed Hays' petition as an abuse of the writ. Alternatively, the district court held that Hays' vagueness claim represented an unexhausted claim requiring the dismissal of the entire petition, and also ruled against Hays on the merits. We affirm.
 
 I.
 
 3
 Section 2254 petitioners must exhaust available state remedies before presenting their claims to federal courts. Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir.1992). A petition containing both exhausted and unexhausted claims is usually dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is satisfied by: (1) presenting the state supreme court with a fair opportunity to rule on the merits of the claim; or (2) showing that no state remedies are available. Harmon, 959 F.2d at 1460.
 
 
 4
 Hays' claim that Idaho Criminal Rule 11 was unconstitutionally vague at the time of his sentencing was not sufficiently raised in the state courts. Nevertheless, we conclude that Hays' claim is exhausted because no state remedies are available. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding to the Third Circuit to determine if the respondent's claims are procedurally barred under Pennsylvania law). Under the version of Idaho's Uniform Post-Conviction Procedure Act existing at the time of Hays' sentencing, an application for post-conviction relief was required to be filed "within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." Idaho Code Sec. 19-4902 (1987); Freeman v. Idaho, 836 P.2d 1088, 1089-90 (Idaho Ct.App.1992). Because the Idaho Supreme Court dismissed Hays' direct appeal on June 11, 1986, Hays is procedurally barred from bringing any further post-conviction claims in state court.
 
 
 5
 While a procedurally defaulted claim is considered exhausted, a federal court may not consider the merits of the claim unless the petitioner: (1) demonstrates cause for the procedural default and actual prejudice from the alleged constitutional violation; or (2) demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 6
 Hays argues that he has always raised his claims in state court as soon as he was aware of them, and he attributes his procedural default to a lack of legal assistance and his own ignorance of the law. We are well aware of the difficulties facing most pro se petitioners, but a lack of legal assistance and ignorance of the law does not establish sufficient cause to excuse a procedural default. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (finding that an illiterate pro se petitioner's complete lack of legal assistance is not cause to excuse a procedural default); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (finding that a literate pro se petitioner who has had some legal assistance cannot establish cause to excuse a procedural default).
 
 
 7
 Additionally, our failure to address Hays' vagueness claim will not result in a fundamental miscarriage of justice. When a petitioner fails to show cause and prejudice, relief has generally been limited to situations "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Our careful review of the record convinces us that Hays' vagueness claim does not present such an extraordinary situation.
 
 II.
 
 8
 A petitioner abuses the writ by raising a claim in a second or subsequent petition for habeas corpus that could have been raised in the first petition. McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991). The government bears the burden of pleading abuse of the writ. Id. at 1470. The government meets this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id. If a petitioner fails to show cause and prejudice, the failure to raise the claim in an earlier petition may nonetheless be excused if the petitioner demonstrates that the failure to consider the claim will result in a fundamental miscarriage of justice. Id.
 
 
 9
 In this case, the state has met its burden. It pleaded abuse of the writ in its answer to Hays' petition, noted Hays' prior writ history, see Hays v. Idaho, No. 91-35774 (9th Cir. June 15, 1992), and identified the claims that appeared for the first time. Those claims included: (1) that Idaho Criminal Rule 11 was unconstitutionally vague at the time of Hays' sentencing; (2) that the sentencing judge did not fully advise him that he was charged with child molestation; and (3) that the sentencing judge relied on incorrect material in Hays' presentence report when sentencing him.[1]
 
 
 10
 However, we find that Hays has not met his burden of establishing cause. In so finding, we rely on the same cause and prejudice analysis on which we relied in Part I when dealing with Hays' procedural default; Hays' contentions of lack of legal assistance and his own ignorance of the law are no more persuasive in the context of an abuse of the writ. See McCleskey, 111 S.Ct. at 1470 (holding that in abuse of the writ cases, a petitioner must show cause and prejudice as those concepts have been defined in procedural default cases).
 
 
 11
 Additionally, after carefully reviewing the record, we are convinced that our failure to address Hays' claims will not result in a fundamental miscarriage of justice.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a): 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Hays' vagueness claim appeared for the first time in his present petition, that claim was not properly raised in the state courts and we have dealt with it accordingly in Part I. However, if it was properly before us, it would be subject to the same abuse of the writ analysis as his remaining claims