**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36173**

| | | |
|---|---|---|
| DUSTIN LEE ALAN LOW, | ) | 2010 Unpublished Opinion No. 494 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 3, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. R. Barry Wood, District Judge.

Order denying application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and GRATTON, Judge

_____

PER CURIAM

Dustin Lee Alan Low appeals from the district court's order denying his application for post-conviction relief. For the reasons set forth below, we affirm.

Low was convicted of rape and sentenced in April 2003. The district court suspended the sentence and placed Low on probation. Low subsequently violated his probation and the district court revoked probation and executed the underlying sentence. Low appealed, and the Court of Appeals affirmed the revocation of probation, sentence and the denial of Low's Idaho Criminal Rule 35 motion for reduction of his sentence in October 2006. *See State v. Low*, Docket No. 32591 (Ct. App. Oct. 10, 2006) (unpublished). In November 2006, Low filed an application for post-conviction relief alleging ineffective assistance of counsel. The district court dismissed the

1

application following an evidentiary hearing and the dismissal was affirmed on appeal. *See Low v. State*, Docket No. 34098 (Ct. App. July 24, 2008) (unpublished). Low filed a successive application for post-conviction relief in August 2008, alleging various errors, including ineffective assistance of counsel, surrounding the psychosexual evaluation prepared for sentencing. Low argued that *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006) announced a new rule that should be applied retroactively in his case making his application timely. The state answered and filed a motion for summary disposition asserting among other things that the successive application was time-barred pursuant to I.C. § 19-4902. The district court concluded that Low's application was timely, having been filed within days of Low's becoming aware of the *Estrada* opinion. However, following an evidentiary hearing, the district court concluded that Low had not established ineffective assistance of counsel and denied the application. Low appeals.

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). Where the lower court reaches the correct result by relying on an incorrect legal theory, the appellate court will affirm the result under the correct legal theory. *McKinney v. State*, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999).

Low filed his successive application for post-conviction relief nearly five years after the determination of his appeal in the criminal case. Therefore, his application is clearly untimely. However, Low argues that his application should be deemed timely because the Idaho Supreme Court announced a new rule of law in *Estrada* that should be applied retroactively. Low acknowledges that the Idaho Supreme Court has held, by way of dicta, that *Estrada* did not announce a new rule of law to be given retroactive application. *See Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009). Low also acknowledges that this Court has held that *Estrada* did not announce a new rule of law to be given retroactive application. *See Kriebel v. State*, 148

2

Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). Nonetheless, Low argues that *Estrada* should be applied retroactively in his case because there is no controlling Idaho Supreme Court precedent on the issue. However, this Court's holding in *Kriebel* is controlling precedent in the absence of any Idaho Supreme Court holding to the contrary.

Low argues that the statute of limitation should be tolled. However, the only basis he provides to equitably toll the statute of limitation is the retroactive application of *Estrada*. This argument is without merit. Accordingly, the district court's order denying Low's application for post-conviction relief is affirmed based on the untimely filing of the application. No costs or attorney fees are awarded on appeal.