**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36258**

| | |
|---|---|
| JOSE MARTINEZ, | )    2010 Unpublished Opinion No. 500 |
| | ) |
|     Petitioner-Appellant, | )    Filed: June 7, 2010 |
| | ) |
| v. | )    Stephen W. Kenyon, Clerk |
| | ) |
| STATE OF IDAHO, | )    THIS IS AN UNPUBLISHED |
| | )    OPINION AND SHALL NOT |
|     Respondent. | )    BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Jon J. Shindurling, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and MELANSON, Judge

_____

PER CURIAM

    Jose Martinez appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

    Martinez was convicted of battery with intent to commit lewd conduct with a minor under sixteen and sentenced in February 2001. According to the district court's order dismissing the present post-conviction action, Martinez appealed from the judgment of conviction, and a remittitur on that appeal was issued on January 27, 2006. This Court's records, however, indicate that Martinez's appeal was dismissed, and a remittitur issued, in May 2002. This discrepancy in the remittitur date is not of consequence, however, in the disposition of the present post-conviction action.

1

In February 2002, Martinez filed an application for post-conviction relief. The district court summarily dismissed the application. Martinez appealed, and the Court of Appeals affirmed the order dismissing the application for post-conviction relief and issued a remittitur in November 2003. Martinez filed a successive petition for post-conviction relief in November 2007, alleging various claims, including ineffective assistance of counsel related to the psychosexual evaluation prepared for sentencing. Martinez argued that *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006) announced a new rule that should be applied retroactively in his case, making his application timely. The district court dismissed the application because it was barred by the one-year statute of limitation. Martinez appeals.

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application for post-conviction relief. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

Assuming, *arguendo*, that the remittitur in Martinez's appeal from his judgment of conviction was issued in January 2006 as the district court indicated, Martinez filed his application for post-conviction relief one year and ten months after the determination of his appeal in the criminal case, well beyond the one-year statute of limitation. However, Martinez argues that his application should be deemed timely because the Idaho Supreme Court announced a new rule of law in *Estrada* that should be applied retroactively. Martinez acknowledges that the Idaho Supreme Court has held, by way of dicta, that *Estrada* did not announce a new rule of law, *Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009), and that this Court has similarly held that the *Estrada* decision did not announce a new rule that would be subject to retroactive application. *See Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). Nonetheless, Martinez argues that *Estrada* should be applied retroactively in his case because there is no controlling Idaho Supreme Court precedent on the issue. However, this Court's holding in *Kriebel* is controlling precedent in the absence of any

2

Idaho Supreme Court holding to the contrary. Martinez makes a lengthy argument as to why *Estrada* should be viewed as announcing a new rule of law and why it should be given retroactive application. We need not further address these contentions, as we have already done so.

Martinez argues that the statute of limitation should be tolled. However, the only basis he provides to equitably toll the statute of limitation is based upon his contention that *Estrada* announced a new rule of law. This argument is without merit. Accordingly, the district court's order summarily dismissing Martinez's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.