IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36380

| DUB D. TUNSTALL, | ) | 2010 Unpublished Opinion No. 503 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 8, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Dub D. Tunstall appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

Tunstall pled guilty to rape and was sentenced in 2004. Tunstall appealed, and this Court affirmed Tunstall's judgment of conviction and sentence in and unpublished opinion in 2005. *State v. Tunstall*, Docket N. 31271 (Ct. App. Dec. 29, 2005). Tunstall filed an application for post-conviction relief, which the district court denied. Tunstall appealed, and the Idaho Supreme Court dismissed the appeal as untimely and issued a remittitur in 2006.

In 2008, Tunstall filed a pro se application for post-conviction relief, alleging various errors surrounding the psychosexual evaluation prepared for sentencing. The district court granted Tunstall's request for the appointment of counsel, and the state filed a motion to summarily dismiss the application because it was untimely. Tunstall argued that *Estrada*[1]

---

[1]     *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

announced a new rule that should be applied retroactively in his case making his application timely. The district court granted the state's motion for summary dismissal of Tunstall's application because it was barred by the one-year statute of limitation. Tunstall appeals.

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

In this case, Tunstall filed his application for post-conviction relief over two years after his judgment of conviction became final. Therefore, his application is clearly untimely. However, Tunstall argues that his application should be deemed timely because the Idaho Supreme Court announced a new rule of law in *Estrada* that should be applied retroactively. Tunstall acknowledges that the Idaho Supreme Court has said, by way of dicta, that *Estrada* did not announce a new rule of law to be given retroactive application. *See Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009). Tunstall also acknowledges that this Court has held that *Estrada* did not announce a new rule of law to be given retroactive application. *See Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). Nonetheless, Tunstall argues that *Estrada* should be applied retroactively in his case because there is no controlling Idaho Supreme Court precedent on the issue. However, this Court's holding in *Kriebel* is controlling precedent in the absence of any Idaho Supreme Court holding to the contrary. Tunstall makes a lengthy argument as to why *Estrada* announced a new rule of law and why it should be applied retroactively. We need not further address this issue, as we have already done so. Accordingly, the district court's order summarily dismissing Tunstall's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

2