**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35806**

| | | |
|---|---|---|
| **ERIC RICHARD CARLSEN,** | ) | **2010 Unpublished Opinion No. 533** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: June 28, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and MELANSON, Judge

_____

PER CURIAM

Eric Richard Carlsen appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

Carlsen was convicted of one count of lewd conduct with a minor under sixteen years of age and sentenced in October 2002. In October 2007, Carlsen filed an application for post-conviction relief alleging various claims, including ineffective assistance of counsel related to the psychosexual evaluation prepared for sentencing. Carlsen argued that *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), announced a new rule that should be applied retroactively in his case, making his application timely. The district court dismissed the application because it was barred by the one-year statute of limitation. Carlsen appeals.

1

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application for post-conviction relief. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

Carlsen filed his application for post-conviction relief nearly five years after the entry of the judgment of conviction, well beyond the one-year statute of limitation. However, Carlsen argues that his application should be deemed timely because the Idaho Supreme Court announced a new rule of law in *Estrada* that should be applied retroactively. Carlsen acknowledges that the Idaho Supreme Court has held, by way of dicta, that *Estrada* did not announce a new rule of law, *Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009), and that this Court has similarly held that the *Estrada* decision did not announce a new rule that would be subject to retroactive application. *See Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). Nonetheless, Carlsen argues that *Estrada* should be applied retroactively in his case because there is no controlling Idaho Supreme Court precedent on the issue. However, this Court's holding in *Kriebel* is controlling precedent in the absence of any Idaho Supreme Court holding to the contrary. Carlsen makes a lengthy argument as to why *Estrada* should be viewed as announcing a new rule of law and why it should be given retroactive application. We need not further address these contentions, as we have already done so.

Carlsen argues that the statute of limitation should be tolled. However, the only basis he provides to equitably toll the statute of limitation is based upon his contention that *Estrada* announced a new rule of law. This argument is without merit. Accordingly, the district court's order summarily dismissing Carlsen's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.