IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36396

| MICHAEL DAVID MURPHY, | ) | 2010 Unpublished Opinion No. 556 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 22, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Michael David Murphy, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Michael David Murphy appeals from the district court's order summarily dismissing his successive application for post-conviction relief. For the reasons set forth below, we affirm.

Murphy pled guilty to three counts of rape and one count of robbery and was sentenced in 1992. In exchange for his guilty plea, additional charges were dismissed. Pursuant to his binding plea agreement, Murphy waived the right to appeal. However, Murphy did file an appeal, which the Idaho Supreme Court dismissed. *State v. Murphy*, 125 Idaho 456, 872 P.2d 719 (1994). Murphy filed an application for post-conviction relief, which the district court denied in 1997.

In 2008, Murphy filed a successive application for post-conviction relief, alleging various claims of error. The district court granted Murphy's request for the appointment of counsel, and the state filed a motion to summarily dismiss the successive application as untimely. Murphy

1

argued, among other things, that *Estrada*[1] announced a new rule that should be applied retroactively in his case making his application timely. The district court granted the state's motion for summary dismissal of Murphy's application without addressing the issue of timeliness. Murphy appeals.

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

In this case, Murphy filed his successive application for post-conviction relief over fifteen years after his judgment of conviction became final. Therefore, his application is clearly untimely. The state may waive the issue of timeliness when it fails to raise the bar as an affirmative defense. *See Kirkland v. State*, 143 Idaho 544, 546, 149 P.3d 819, 821 (2006) (holding that the statute of limitations for post-conviction relief is not jurisdictional, but an affirmative defense that is waived if not pleaded by the defendant). However, in this case the state raised the issue of timeliness through its motion to summarily dismiss Murphy's application. Therefore, the issue was not waived. An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *Matter of Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). Because Murphy's successive application was clearly untimely, we affirm the district court's order on this alternative basis.

Murphy argues that his application should be deemed timely because the Idaho Supreme Court announced a new rule of law in *Estrada* that should be applied retroactively. The Idaho Supreme Court has said, by way of dicta, that *Estrada* did not announce a new rule of law to be given retroactive application. *See Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009).

---

[1] *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

This Court has held that *Estrada* did not announce a new rule of law to be given retroactive application. *See Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). Nonetheless, Murphy argues that *Estrada* should be applied retroactively in his case. However, this Court's holding in *Kriebel* is controlling precedent in the absence of any Idaho Supreme Court holding to the contrary. Accordingly, the district court's order summarily dismissing Murphy's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ, **CONCURS.**

Chief Judge LANSING, **CONCURS IN THE RESULT.**