IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39412

| CHRISTOPHER JAY KIMSEY, | ) | 2013 Unpublished Opinion No. 423 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 28, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Christopher Jay Kimsey, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Christopher Jay Kimsey appeals from the summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

Kimsey pled guilty to aggravated assault in violation of I.C. § 18-905. A judgment of conviction was filed on January 14, 2009. Kimsey did not appeal, but filed a petition for post-conviction relief on August 15, 2011. The district court entered a notice of intent to dismiss Kimsey's petition after it determined the petition was time barred pursuant to the statute of limitation set forth in I.C. § 19-4902(a) and Kimsey failed to present any argument or evidence in support of equitable tolling of that statute. Accordingly, the district court concluded Kimsey failed to raise a genuine issue of material fact, making his petition subject to summary dismissal. Kimsey filed a motion to vacate judgment. After construing Kimsey's motion as a reply to its notice, the district court entered an order dismissing Kimsey's petition. Kimsey appeals.

Kimsey argues the district court erred by summarily dismissing his petition for post-conviction relief. However, Kimsey does not challenge the district court's conclusion that his

1

petition was untimely pursuant to the statute of limitation set forth in I.C. § 19-4902(a). When the basis for a trial court's ruling is not challenged on appeal, an appellate court will affirm on the unchallenged basis. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998). Further, our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992).

Idaho Code Section 19-4902(a) provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. Idaho Appellate Rule 14(a) provides that an appeal from the district court must be filed within forty-two days "from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action." Accordingly, the time for appeal expired forty-two days after the district court entered Kimsey's judgment of conviction on January 14, 2009. Kimsey did not file his petition for post-conviction relief until August 15, 2011. Therefore, absent a reason to toll the statute of limitation set forth in I.C. § 19-4902(a), Kimsey's petition was untimely.

Equitable tolling has been recognized in Idaho where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Rhoades v. State*, 148 Idaho 247, 251, 220 P.3d 1066, 1070 (2009). In addition, in some circumstances, commencement of the limitation period may be delayed until the petitioner discovers the facts giving rise to the claim. In *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007), the Idaho Supreme Court recognized that, at least where the post-conviction claim raises important due process issues, the limitation period may be postponed until the petitioner has discovered the factual basis for the claim.

Kimsey did not allege any basis to toll the statute of limitation in his petition for post-conviction relief nor on appeal from the district court's order dismissing his petition. In his motion to vacate judgment, Kimsey asserted that "opportunity to meet the requirements of equitable tolling 'doctrine' were impossible due to bias of counsel and emphasis by medical/mental health to medicate rather than examine the legal aspects for their legitimacy." However, Kimsey failed to explain the nature of the alleged bias of counsel or how the bias

2

caused delay in filing the petition. Also, Kimsey did not claim that any medication or mental disease prevented him from earlier pursuing challenges to his conviction. Kimsey does not cite to any authority to support his conclusory assertion. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, because Kimsey's petition was untimely pursuant to I.C. § 19-4902(a), and because Kimsey does not challenge the district court's dismissal of his petition on that ground or assert any basis upon which the statute of limitation could be tolled, we affirm the district court's summary dismissal of Kimsey's petition. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**