# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41631

| | | |
|---|---|---|
| CHRISTOPHER D. GRIFFITH, | ) | 2015 Unpublished Opinion No. 483 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 11, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, affirmed.

Christopher D. Griffith, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

Christopher D. Griffith appeals from the dismissal of his successive petition for post-conviction relief. Griffith contends that the district court erred by dismissing on the grounds that his claims were untimely under Idaho Code §§ 19-4902(a) and 19-4908. We affirm.

## I.

## BACKGROUND

Griffith was convicted at trial of first degree felony murder by aggravated battery of a child under twelve years of age, I.C. §§ 18-4001 and 18-4003(d), and was sentenced to life imprisonment, with twenty-two years determinate. He appealed, raising a number of claims of trial error and asserting that his sentence was excessive. This Court affirmed. *State v. Griffith*, 144 Idaho 356, 358, 161 P.3d 675, 677 (Ct. App. 2007). Thereafter, in 2008 Griffith filed a

1

petition for post-conviction relief. The district court denied relief on September 18, 2009. Griffith did not appeal.

On March 18, 2013, Griffith filed the instant successive petition for post-conviction relief, asserting ineffective assistance of defense counsel. The State moved to dismiss asserting, in part, that the petition was barred as successive and beyond the statute of limitation. The district court issued a notice of intent to dismiss on these same grounds. After receiving Griffith's responsive materials, the district court dismissed the petition. Griffith appeals.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg v. State*, 131 Idaho 517, 519, 960 P.2d 738, 740 (1998); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Our review of the district court's construction and application of a statute of limitation is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Determining what is a reasonable time for filing a successive petition requires a case-by-case analysis. *Id.*

At Griffith's trial it was established that two-year-old Tegan Rees sustained a blow to his body. The child's pancreas was compressed against the spine, cutting the pancreas nearly in half, and he bled to death. Tegan's body exhibited multiple fresh bruises on the ears, forehead, trunk, and buttocks and numerous hematomas (swelling caused by blood) attendant to the facial bruises. The only persons in the apartment at the time of injury were Griffith and Tegan's four-year-old sister, B.M. The State alleged that Griffith beat Tegan to death, while the defense was

3

that the fatal injury could have been caused by B.M. jumping or falling upon Tegan from a height.[1]

On two of his claims of ineffective assistance, Griffith asserts that the district court erred in holding that his claims were untimely and that Griffith had not shown sufficient reason to justify their presentation in a successive post-conviction action. In support of his successive petition, Griffith submitted two separate but similar affidavits of Scott Hill stating, generally, that Hill had been to the Griffith home earlier on the day in question and had observed B.M. jumping from the couch toward Tegan and playing with him roughly, sometimes hurting him. Thus, says Griffith, Hill's testimony would have strongly aided the defense, and Griffith asserted a post-conviction claim that defense counsel was ineffective for failing to call Hill as a witness. Griffith also says that prior to his trial the State presented a favorable plea offer for a reduced charge of involuntary manslaughter, but that defense counsel advised against accepting it on the representation that Hill would be called as a witness for the defense. Despite that representation, Griffith says Hill was not called as a witness and Griffith contends that defense counsel was ineffective for advising him to reject the plea offer based upon the representation that Hill's testimony would provide a strong defense.

Griffith contends that these claims are timely raised in this successive petition for the following reason. Despite his argument below that he was in "shock" when Hill was not called as a witness, Griffith currently claims that he was unaware of the content of Hill's prospective testimony until 2013, when he spoke to Hill and obtained the man's affidavit. Griffith contends, therefore, that he did not know of his claims until then, and that his successive petition was both timely filed and supported with a sufficient reason.

We disagree. In *Charboneau*, 144 Idaho 900, 174 P.3d 870, our Supreme Court considered the relationship of I.C § 19-4902 and I.C. § 19-4908. The Court recognized that rigid application of I.C. § 19-4902 would preclude courts from considering "claims which simply are not known to the defendant within the time limit, yet raise important due process issues." *Id.* at 904, 174 P.3d at 874. Here, however, Griffith knew of his claims of ineffective assistance no later than the completion of his trial when he knew that Hill had not been called as a witness. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1072. Further, Hill's affidavits belie Griffith's current claim that he was unaware of what Hill could testify to. According to the affidavits, Griffith was

---

[1]    *See State v. Griffith*, 144 Idaho 356, 358, 161 P.3d 675, 677 (Ct. App. 2007).

in the home while Hill was there witnessing B.M.'s allegedly rowdy behavior. The timeliness of a petition is measured "from the date of notice, not the date the petitioner assembles a complete cache of evidence." *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. The fact that Griffith failed to investigate and obtain evidence in support of his claims does not delay the running of the statute of limitation nor does it constitute a sufficient reason for Griffith not including these claims in his first petition. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1072; *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Therefore, the district court correctly held that Griffith's petition was time-barred and an impermissible successive petition.

The district court's judgment dismissing this successive post-conviction action is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**