IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42025

| | | |
|---|---|---|
| TRUMAN EDWARD UHLRY, | ) | 2015 Unpublished Opinion No. 626 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 11, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Truman Edward Uhlry, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Truman Edward Uhlry appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

Uhlry pled guilty to driving under the influence. On November 15, 2013, Uhlry filed a successive petition for post-conviction relief. The district court provided Uhlry notice of its intent to dismiss and then dismissed Uhlry's petition for post-conviction relief, holding that his petition was untimely and that neither of his claims provided a ground for relief. Uhlry appeals.

The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088,

1

1089 (1992). The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). However, if an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Uhlry's successive petition for post-conviction relief was untimely. Accordingly, we must decide whether any issue raised by Uhlry asserted a ground for relief and whether Uhlry provided sufficient reasons for why the issues raised were not asserted or were inadequately asserted in his prior post-conviction proceeding. Because the first question is dispositive, it is unnecessary for this Court to address the second issue.

Uhlry argues that the district court erred in dismissing his petition for post-conviction relief. Uhlry alleges that his post-conviction counsel was ineffective for failing to assert a claim that Uhlry received ineffective assistance of trial counsel. Uhlry also asserts a *Brady v. Maryland*, 373 U.S. 83 (1963) violation.[1]

There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).

Uhlry's assertion that his post-conviction counsel was ineffective for failing to bring an ineffective assistance of counsel claim regarding his trial counsel is barred by *Murphy*. Thus, under *Murphy*, Uhlry cannot demonstrate a sufficient reason for failing to raise his claims in his

---

[1]     Uhlry asserts many additional claims on appeal, which were not raised below. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.* Accordingly, we will not address Uhlry's other claims.

initial petition for post-conviction relief. As a result, Uhlry cannot justify filing a successive petition for post-conviction relief.

Second, Uhlry alleges he stated a claim pursuant to *Brady* because the state withheld information regarding employees of a forensics laboratory violating laboratory policies and procedures--information Uhlry claims could have been used to impeach the employees' testimonies at trial. A criminal defendant claiming a right to relief under *Brady* must show three components: that the evidence at issue is favorable to the accused because it is either exculpatory or impeaching; that the evidence was suppressed by the state, either willfully or inadvertently; and that the evidence was material because there is a reasonable probability that its disclosure to the defense would have led to a different result. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *State v. Shackleford*, 150 Idaho 355, 380, 247 P.3d 582, 607 (2010); *State v. Branigh*, 155 Idaho 404, 422, 313 P.3d 732, 750 (Ct. App. 2013). Uhlry has not met his burden of proof under *Brady*. First, as noted by the district court, Uhlry has not shown that his blood was improperly tested. Further, assuming without deciding, Uhlry has shown that information about laboratory employees' violations of policies and procedures was favorable to him and that it was willfully or inadvertently withheld, he has not provided any argument or authority to show that disclosure of the information would have led to a different result. Uhlry asserts that the information could have been used to impeach witnesses at trial, but provides nothing to persuade this Court that the ability to impeach the testimony of witnesses at trial would have led to a different result--specifically that it would have affected his decision to plead guilty.

Uhlry's ineffective assistance of counsel claim is barred by *Murphy*. In addition, Uhlry did not meet his burden of stating a claim under *Brady*. Thus, Uhlry did not provide a sufficient ground for relief to justify filing a successive post-conviction petition. Accordingly, we affirm the district court's judgment summarily dismissing Uhlry's successive petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.