IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42320

| | | |
|---|---|---|
| ROBERT ANTHONY CAOUETTE, | ) | 2015 Unpublished Opinion No. 680 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 29, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Robert Anthony Caouette, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Robert Anthony Caouette appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Specifically, Caouette argues the district court erred in summarily dismissing his petition without an evidentiary hearing regarding his ineffective assistance of counsel claims. For the reasons discussed below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Caouette with domestic battery in 2011. He pled guilty and the district court sentenced him on March 19, 2012, to a total unified term of eight years, with four years determinate. Caouette was also placed on probation. The judgment was entered on March 22, 2012. Shortly thereafter, Caouette violated the terms of his probation. The district court revoked his probation and entered its amended judgment on May 10, 2012. Almost two years later, on

1

March 13, 2014, Caouette filed a petition for post-conviction relief. The district court summarily dismissed the petition due to its untimely filing. Caouette appeals.

## II.

## ANALYSIS

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The statute refers only to the generic term "appeal," but it is well established that this means the direct appeal from the judgment of conviction in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385-86, 79 P.3d 743, 744-45 (Ct. App. 2003); *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

Here, the district court initially entered a final judgment of conviction on March 22, 2012, sentencing Caouette to a total unified term of eight years, with four years determinate. Caouette was also placed on probation for five years. Shortly thereafter, Caouette violated his probation terms. The district court subsequently entered an amended judgment on May 10, 2012, revoking probation and imposing the same prison sentence outlined in the initial judgment. Caouette therefore had one year after May 10, 2012, to file a petition for post-conviction relief. However, Caouette waited until March 13, 2014, to file his post-conviction relief petition. His petition was untimely. The district court therefore properly summarily dismissed Caouette's petition.

## III.

## CONCLUSION

Caouette filed his petition for post-conviction relief after the one-year time period. The district court therefore properly summarily dismissed the petition. We affirm the district court's judgment.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.