IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43407

| | | |
|---|---|---|
| ALEXANDER T. BROWN, | ) | 2016 Unpublished Opinion No. 425 |
| | ) | |
| Petitioner-Appellant, | ) | Filed:  March 9, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Alexander T. Brown, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Alexander T. Brown appeals from the district court judgment summarily dismissing his petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Brown pled guilty to rape in violation of Idaho Code § 18-6101(1).  He was sentenced to a unified life sentence with ten years determinate.  Brown filed an Idaho Criminal Rule 35(b) motion seeking a reduction of his sentence, but the district court denied that motion. He appealed the court's denial and this Court affirmed his sentence and issued the remittitur in 2010.  *State v. Brown*, Docket No. 37088 (Ct. App. Jul. 9, 2010) (unpublished).

In 2015, nearly five years after his appeal, Brown filed a pro se petition for post-conviction relief and moved for appointment of post-conviction counsel.  The district court

reviewed his petition and issued a notice of intent to dismiss, advising Brown that his petition was subject to summary dismissal because it was not timely filed within the one-year limitation period, as required by I.C. § 19-4902(a). In its notice, the court also analyzed whether the allegations in Brown's petition made a case for equitable tolling of the limitation period. The court advised Brown that his allegation did not make a case for equitable tolling and notified Brown that he had twenty days to reply to the proposed dismissal. Brown did not respond to the notice and, in turn, the court summarily dismissed Brown's petition and denied his motion for appointment of counsel.

## II.

## ANALYSIS

On appeal, Brown asserts that he received ineffective assistance of counsel and was subject to prosecutorial misconduct. However, none of Brown's arguments on appeal challenge the district court's judgment summarily dismissing Brown's petition for post-conviction relief due to untimeliness. The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). Absent a showing by the petitioner that the one-year limitation should be tolled, failing to file a timely petition for post-conviction relief is a basis for dismissal of the petition. *Evensiosky v. State*, 136 Idaho 189, 190, 30 P.3d 967, 968 (2001); *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089.

In Brown's case, this Court issued its final decision on Brown's initial appeal in 2010. Brown then waited until 2015 to file the post-conviction action presently at issue. Thus, unless Brown could show a valid reason as to why the one-year limitation period should be tolled, Brown's claim is untimely because he did not file it until nearly five years after the remittitur was issued on his direct appeal. Although Brown neither argued for nor provided any basis to support a claim for equitable tolling in his post-conviction petition, the district court nonetheless considered whether his petition alleged any facts that would be sufficient to support a finding for

2

equitable tolling. The court found that, based on the facts in the record, there could be no basis for such a claim.

Notably, Brown finally challenges the timeliness and equitable tolling issues addressed by the district court for the first time in his reply brief on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). This Court will not consider arguments raised for the first time in the appellant's reply brief. *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). "A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Though he is a pro se appellant, Brown is "held to the same standards and rules as . . . [an appellant] represented by an attorney." *Bell v. Idaho Dep't of Labor*, 157 Idaho 744, 749, 339 P.3d 1148, 1153 (2014); *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003). Therefore, because Brown did not challenge the district court's judgment in his opening brief, this Court can affirm on the unchallenged basis that Brown's petition was not timely filed. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998) (appellate court may affirm on unchallenged basis). Thus, Brown's claim fails not simply because he raised the issue of entitlement to equitable tolling for the first time on appeal, but also because it was raised only in his reply brief.

### III.

### CONCLUSION

Brown failed to timely file his claim for post-conviction relief because he filed the petition more than four years after the statute of limitation ran. The district court's judgment dismissing Brown's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.