953 P.2d 662

**Melvin James ATKINSON Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 23436.

Court of Appeals of Idaho.

March 12, 1998.

Whittier, Souza and Clark, Cht., Pocatello, for petitioner-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This is an appeal from a district court's order summarily dismissing an application for post-conviction relief as untimely. Because we conclude that the application was filed within the statutory limitations period,

we reverse and remand the case to the district court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

■ In 1992, the appellant, Melvin Atkinson, was charged with aggravated battery, I.C. §§ 18–903(c) and 18–907(b), after throwing a man off a moving train. Following a jury trial, he was convicted and sentenced by the district court to serve a unified seven-year sentence with a two-year minimum term. His conviction was affirmed on appeal by this Court in *State v. Atkinson,* 124 Idaho 816, 864 P.2d 654 (Ct.App.1993). He later filed a petition for review by the Idaho Supreme Court, which was denied on January 6, 1994. A remittitur to the district court was issued on the same date. Atkinson then filed in the United States Supreme Court a timely petition for a writ of certiorari. This petition was denied on May 2, 1994. Exactly one year later, Atkinson presented to prison officials for mailing to the district court clerk an application for post-conviction relief. The petition was not received and file-stamped by the district court clerk until May 4, 1995. However, under the "mailbox rule" the petition is deemed filed upon the date it was delivered to prison officials for filing with the court. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App. 1990).[1]

On June 6, 1995, the State filed an answer and a motion to dismiss Atkinson's application for post-conviction relief, asserting that it was barred by the one-year statute of limitation, I.C. § 19–4902. The district court accepted the State's position and issued a memorandum decision and notice of intent to dismiss Atkinson's application. According to the district court's analysis, the limitation period ran from the date the remittitur was issued by the Idaho Supreme Court in Atkinson's criminal appeal. Atkinson filed a response, arguing that the statute of limitation did not begin to run until the United States Supreme Court denied his petition for certiorari and that the petition for post-conviction relief was therefore timely. The district court granted a hearing, but ultimately held that the application was time-barred. This appeal followed.

## ANALYSIS

Atkinson's appeal presents a single question: what event marks the beginning of the one-year statutory period of limitation for filing an application for post-conviction relief in instances where the applicant has filed a petition for, and been denied, a writ of certiorari from the United States Supreme Court in the underlying criminal action?

The statute in question, I.C. § 19–4902, establishes the limitation period for post-conviction relief actions as follows:

> An application may be filed at any time within one (1) year from the expiration of the time for appeal [in the underlying criminal action] or from the determination of an appeal or from the determination of proceedings following an appeal, whichever is later.

Applying this statute, we have held that where an appeal of the judgment of conviction through the state court system results in an affirmance, without a remand for any further proceedings, the statute of limitation begins to run upon the issuance of the remittitur by the Idaho Supreme Court or Idaho Court of Appeals. *Freeman v. State,* 122 Idaho 627, 629, 836 P.2d 1088, 1090. *See also Chapman v. State,* 128 Idaho 733, 734, 918 P.2d 602, 603 (Ct.App.1996). Atkinson argues, however, that in cases like his, where a petition to the United States Supreme Court for a writ of certiorari was filed following the denial of the appeal in the state courts, and where the petition for writ of certiorari was denied, the limitation period begins to run on the date of this denial. Therefore, he asserts his application was timely. In opposition, the State argues, without citation of authority, that a petition for certiorari directed to the United States Supreme Court is not part of the "appeal" referenced in I.C. § 19–4902 but

---

1. Atkinson asserts in his brief that the petition was delivered to prison officials on May 2, 1995. There is no evidence in the record supporting his assertion, but the State did not dispute this allegation in the proceedings below or on appeal.

a separately filed proceeding. If the State is correct, Atkinson's application was filed four months beyond the limitation period.

■ This dispute presents a question of interpretation of Section 19–4902. Because the construction of a legislative act presents a pure question of law, we exercise free review. *Freeman,* 122 Idaho at 628, 836 P.2d at 1089; *Hanks v. State,* 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct.App.1992). The interpretation of a statutory provision must begin with the literal words of the statute, giving the language its plain, obvious, and rational meaning. *Walker v. Hensley Trucking,* 107 Idaho 572, 691 P.2d 1187 (1984); *Nelson v. City of Rupert,* 128 Idaho 199, 201, 911 P.2d 1111, 1113 (1996); *Wolfe v. Idaho Farm Bureau Ins. Co.,* 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996). Thus, the plain meeting of the statute will prevail unless there is a clearly expressed legislative intent to the contrary or unless the plain meaning leads to absurd results. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 797 P.2d 1385 (1990).

■ On the present issue of statutory construction, we find Atkinson's position to be sustained, and the State's refuted, by the language of the statute and prior case law. Even if, as the State contends, the word "appeal" in Section 19–4902 was intended by the Idaho legislature to refer only to appeals through the state court system, Atkinson's action would not be time-barred, for his petition for certiorari to the United States Supreme Court would then plainly be a "proceeding following an appeal" within the context of the same criminal action. The petition for certiorari therefore extended the statute of limitation.

■ This conclusion is supported by our decision in *Freeman, supra,* where we sought to explain the phrase: "a proceeding following an appeal." To that end, we compared what we considered to be a proceeding following an appeal with other actions that do not fall within that classification. We stated:

[A] "proceeding following an appeal" may include a remand of the criminal case to the trial court as a consequence of the direct appeal from a judgment of convic-

tion, for example, but does not encompass a separately filed proceeding under the UPCPA or one for relief such as by way of a writ of habeas corpus, subsequent to the judgment of conviction. Although the object of post-conviction proceedings is to afford relief from illegal and improper convictions, the post-conviction proceedings are not an extension of and not a substitute for a direct appeal of the judgment of conviction and sentence.

*Id.* at 629, 836 P.2d at 1090. We further explained that a UPCPA action is not a proceeding following an appeal because it "simply affords the opportunity for a collateral challenge" to the underlying criminal action and is not "in the continuous stream of events and procedure leading to the finality of a conviction in the very proceeding in which the conviction is pronounced." *Id.* In this effort to explain what is not a "proceeding following an appeal," we, in effect, outlined what qualifies as such a proceeding under section 19–4902. A "proceeding following an appeal" is any proceeding that is an extension of the underlying criminal action, and is part of the continuous stream of events which lead to the finality of the judgment of conviction.

Applying this test, we conclude that a petition for certiorari to the United States Supreme Court qualifies as a proceeding following an appeal through the state courts. Unquestionably, the United States Supreme Court has authority to review state court decisions interpreting the federal constitution and other federal law. U.S. Const. art. III, § 2; 28 U.S.C. 1257 (1993 & Supp.1997); *Illinois v. Gates,* 462 U.S. 213, 217–218, 103 S.Ct. 2317, 2321, 76 L.Ed.2d 527 (1983). When that Court grants certiorari, its review cannot be characterized as a collateral proceeding. Rather, it is a direct review of the underlying judgment of conviction. The Court will not ordinarily consider an issue that was not raised or passed upon in the state court proceedings. *Riggins v. Nevada,* 504 U.S. 127, 133, 112 S.Ct. 1810, 1814, 118 L.Ed.2d 479, (1992); *Heath v. Alabama,* 474 U.S. 82, 87, 106 S.Ct. 433, 436, 88 L.Ed.2d 387 (1985); *Illinois v. Gates,* 462 U.S. at 218–24, 103 S.Ct. at 2321–25. More importantly, the Supreme Court may, following its

review of a state court's decision, affirm or reverse the judgment of conviction or order the case remanded for further proceedings. Thus, there can be no doubt that the United States Supreme Court's determination is a part of the procedure leading to the finality of the state court judgment. It necessarily follows that the act essential to initiate review by the United States Supreme Court, filing a petition for a writ of certiorari, is also a "proceeding following an appeal" within the criminal action. Consequently, the statute of limitations on Atkinson's post-conviction relief claim did not begin to run until the United States Supreme Court denied his petition for certiorari.

Our holding today does not affect the date on which the statute of limitations begins to run in those cases where the criminal defendant has not filed a petition for a writ of certiorari to the United States Supreme Court after unsuccessfully exhausting the state court appeal process. In such cases, the date of issuance of the remittitur will continue to mark the commencement of the limitation period for a post-conviction action, as we held in *Freeman*.

## CONCLUSION

Because we conclude that Atkinson's application for post-conviction relief is not barred by the statute of limitations, we reverse the decision of the district court summarily dismissing Atkinson's application for post-conviction relief, and we remand the case to the district court for further proceedings.

PERRY, J., concurs.

SCHWARTZMAN, Judge, dissenting.

I do not believe that the Idaho Legislature intended to include within the ambit of "the determination of proceedings following an appeal," a discretionary review before the United States Supreme Court by way of writ of certiorari. Rather, I perceive the thrust of I.C. # 19–4902 as confined to proceedings within the court structures of the State of Idaho insofar as triggering the one-year statute of limitations for purposes of filing a post-conviction act proceeding. A post-judgment writ of certiorari is simply not part of the normal appellate processes leading to the finality of a conviction as contemplated by the statute.

Accordingly, I respectfully dissent.