984 P.2d 128

**Walter J. COCHRAN, II, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 25106.

Court of Appeals of Idaho.

May 26, 1999.

Review Denied Sept. 16, 1999.

Ronaldo A. Coulter, Appellate Public Defender; Glenda M. Talbutt, Deputy Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger, II, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Walter J. Cochran, II, appeals from an order of the district court summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

On October 11, 1995, following a plea of guilty to delivery of a controlled substance, I.C. 37–2732(a)(1)(B), Cochran was sentenced to a unified four-year term of incarceration, with one and one-half years fixed. On that same date, the district court granted Cochran's motion for release on bail pending an appeal of the judgment of conviction.

On February 13, 1997, this Court issued its opinion affirming Cochran's judgment of conviction. *State v. Cochran*, 129 Idaho 944, 935 P.2d 207 (Ct.App.1997). Cochran's petition for review was denied on April 24. On May 2, this Court issued a remittitur. On May 5, the state moved the district court to revoke Cochran's bail and order execution of the

previously imposed sentence. On June 27, the district court issued an order revoking bail and executing Cochran's sentence.

On June 23, 1998, Cochran filed an application for post-conviction relief. The state filed an answer and moved to dismiss the application on the basis it was not timely filed. On September 28, a hearing was held on the state's motion to dismiss. On September 30, the district court ordered dismissal of Cochran's application because the applicable statute of limitation had expired. Cochran appeals.

## II.

## ANALYSIS

### A. Summary Dismissal

Cochran's appeal of the summary dismissal of his application for post-conviction relief presents a single question—what event marks the beginning of the one-year statutory period of limitation for filing an application for post-conviction relief in instances where the applicant is free on bond pending the resolution of his or her appeal? This appeal presents a question of interpretation of I.C. § 19–4902. Because the construction of a legislative act presents a pure question of law, we exercise free review. *Atkinson v. State*, 131 Idaho 222, 224, 953 P.2d 662, 664 (Ct.App.1998); *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct.App.1992).

Idaho Code Section 19–4902, which establishes the one-year statute of limitation for post-conviction relief actions states, in relevant part:

An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

We have previously held that the limitation period begins to run, after an unsuccessful appeal, when the Idaho Supreme Court or the Idaho Court of Appeals issues a remittitur. *See Freeman*, 122 Idaho at 629, 836 P.2d at 1090. However, Cochran contends that, after his unsuccessful appeal, the order

of the district court revoking bail and executing Cochran's sentence was a "proceeding following an appeal" and, thus, the limitation period began to run on June 28, 1997. Therefore, Cochran contends, his application for post-conviction relief, which was filed on June 23, 1998, was timely.

▮ In *Freeman,* 122 Idaho 627, 836 P.2d 1088, this Court compared what was considered to be a proceeding following an appeal with other actions that did not fall within that classification. A proceeding following an appeal may include a remand of the criminal case to the trial court as a consequence of the direct appeal from a judgment of conviction. *Id.* at 629, 836 P.2d at 1090. However, the time limit to file an application under the UPCPA is not renewed or extended by any other collateral post-judgment proceeding. *Id.*

This Court revisited the issue of what constitutes a "proceeding following an appeal" in *Atkinson,* 131 Idaho 222, 953 P.2d 662. The *Atkinson* Court held that a proceeding following appeal is "any proceeding that is an extension of the underlying criminal action, and is part of the continuous stream of events which lead to the finality of the judgment of conviction." *Id.* at 224, 953 P.2d at 664. In *Atkinson,* the issue before the Court was whether the limitation period began to run upon the issuance of a remittitur or upon the denial of a petition for a writ of certiorari to the United States Supreme Court. The *Atkinson* Court determined that filing a petition for a writ of certiorari is a proceeding following an appeal within the criminal action because the United States Supreme Court may affirm or reverse the judgment of conviction or order the case remanded for further proceedings. Thus, we held in *Atkinson* that the limitation period did not begin to run until the petition for a writ of certiorari was denied by the United States Supreme Court. However, in the case at bar, the district court had no power to review this Court's decision to affirm or reverse the judgment of conviction.

▮ Cochran also contends that, although there were no explicit directives contained in the remittitur issued by this Court, there were further proceedings "implicitly required" of the district court in order to complete the case and "lead to the finality of the judgment of conviction." This Court's opinion in Cochran's direct appeal stated that Cochran's "judgment of conviction and sentence are affirmed." *Cochran,* 129 Idaho at 950, 935 P.2d at 213. The remittitur issued by this Court ordered the district court to "forthwith comply with the directive of the Opinion, *if any action is required.*" (Emphasis added.). Because the district court was not required to take any action pertaining to the judgment of conviction, it was final when the remittitur was issued.

▮ Cochran has failed to cite this Court to any authority in support of his argument, and we are unable to find any authority indicating that a limitation period is in any way affected by the custody status of an individual. *See e.g.,* I.C.R. 34 (request for a new trial), I.C.R. 35 (request to correct or reduce sentence), or I.A.R. 14 (time for filing an appeal). If this Court were to accept Cochran's assertion—that the limitation period for a person who is out of custody on bond pending appeal would begin to run only when the bond is revoked—similarly situated individuals would be subjected to differing burdens and benefits under the law. Cochran's proposal would lead to an anomalous result in the start date for the limitations period depending not only on the efficiency of the state in moving to have the appeal bond revoked, but also on the expediency of the district court acting on that motion and revoking the defendant's bond. Such arbitrariness might well violate the equal protection guarantees of the Fourteenth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution which require that similarly situated people receive the same benefits and burdens under the law. *See State v. Hansen,* 125 Idaho 927, 933, 877 P.2d 898, 904 (1994).

▮ Cochran invites this Court to draw an analogy between the revocation of an appeal bond and the relinquishment of retained jurisdiction. Pursuant to I.A.R. 14(a) the appeal period begins to run when the court releases its retained jurisdiction or places the defendant on probation. Thus,

Cochran contends that the limitation period under I.C. § 19–4902 should likewise begin to run when the district court orders an appeal bond revoked. We are not persuaded. The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court, *State v. Hood,* 102 Idaho 711, 712, 639 P.2d 9, 10 (1981), and this decision may alter the judgment by resulting in probation instead of incarceration. However, once this Court affirms a judgment of conviction, the district court is without discretion in ordering into execution the sentence stayed pending appeal. *See* I.A.R. 38(c) (The remittitur shall advise the district court that the opinion has become final and that the district court *shall* forthwith comply with the directive of the opinion). Thus, any analogy to I.A.R. 14(a) is misplaced.

■ We hold that an order revoking an appeal bond following the issuance of a remittitur is not a proceeding following an appeal under I.C. § 19–4902. Therefore, the limitation period in the instant case began running when this Court issued the remittitur on May 2, 1997. Thus, Cochran's application for post-conviction relief, filed on June 23, 1998, was untimely.

**B. Order to Correct Time**

■ Cochran also "appeals" from a favorable order of the district court to "correct time" issued on October 30, 1998. Because the district court granted Cochran's motion to correct time, he is not an "aggrieved party" under I.A.R. 4. Additionally, Cochran has not raised any issue with the district court's order before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, this Court will not address Cochran's contention.

### III.

### CONCLUSION

We hold that an order revoking an appeal bond is not a "determination of a proceeding following an appeal" that affects the finality of a judgment under I.C. § 19–4902. Therefore, the district court's order summarily dismissing Cochran's application for post-conviction relief, because it was time barred, is affirmed.

Judge LANSING and Judge SCHWARTZMAN, concur.