172 P.3d 1109

**Travis HAUSCHULZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 33796.**

Supreme Court of Idaho, Boise, October 2007 Term.

Nov. 29, 2007.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Ralph R. Blount argued.

J. JONES, Justice.

Travis Hauschulz is before the Court on his Petition for Post–Conviction Relief. The district court summarily dismissed the petition as untimely. The Court of Appeals affirmed the district court on the basis that the petition failed to assert a genuine issue of material fact. Hauschulz seeks review by this Court. We vacate and remand to the district court for an evidentiary hearing on the single issue of whether Hauschulz' trial counsel was ineffective for failing to obtain certain transcripts.

### I.

In 1999, Hauschulz pleaded guilty to felony escape from a work release program. The district court imposed a three-year sentence, with one year fixed. Shortly after, he filed a direct appeal of his conviction, which the Court of Appeals affirmed. *See State v. Hauschultz,* Docket No. 26020, 135 Idaho 164, 15 P.3d 1172 (Ct.App. July 11, 2000) (unpublished).

Meanwhile, Hauschulz filed a pro se motion to withdraw his plea. The district court issued an order summarily denying the motion. The Court of Appeals initially reversed the district court. *See State v. Hauschulz,* Docket No. 26434 (Ct.App. Nov.7, 2001) (unpublished). The court held Hauschulz entered his guilty plea only because the district judge told him he would receive the same sentence as his wife/co-defendant on the escape charge. However, the district judge gave the co-defendant a sentence of retained jurisdiction, while Hauschulz received a penitentiary sentence. On that basis, the Court of Appeals held Hauschulz demonstrated the requisite "manifest injustice" to withdraw his plea.

However, the Court of Appeals issued a substitute opinion a few months later, this time upholding the district court. *See State v. Hauschulz,* Docket No. 26434, 138 Idaho 125, 58 P.3d 109 (Ct.App. May 2, 2002) (unpublished). The court acknowledged that the district court told Hauschulz, "I remember telling you that you would get no more sentence than would the co-defendant...." However, the court held its "interpretation of the remark was not *necessarily* correct." The court stated it was possible the district judge made that remark after Hauschulz pleaded guilty, and therefore, it was possible his guilty plea was not made on that basis. The court concluded this after realizing Hauschulz had not placed into evidence the transcript of his co-defendant's sentencing hearing, stating, "We emphasize that this

disposition is not based upon any inadequacy of the record *on appeal,* but rather, on the inadequacy of the record made before the trial court." As such, the Court of Appeals affirmed the district court's order dismissing the motion to withdraw plea. This Court issued a remittitur on the motion on July 19, 2002.

On July 16, 2003, Hauschulz filed a Petition for Post–Conviction Relief, along with several exhibits and a nearly fifty page affidavit. The petition alleged many untimely issues. However, the petition also alleged that Hauschulz' trial counsel failed to obtain proper transcripts for the motion to withdraw.

The district court ultimately granted the State's motion to dismiss, determining the petition was untimely, successive, bare, conclusory, and barred by res judicata. Hauschulz appealed. The Court of Appeals affirmed the district court's summary dismissal of the petition. *See Hauschulz v. State,* Docket No. 30036 (Ct.App. July 31, 2006) (unpublished). Hauschulz appealed to this Court.

## II.

The question presented here is whether Hauschulz properly and timely alleged a claim of ineffective assistance of counsel in his Petition for Post Conviction Relief. We reverse and remand for further proceedings.

### A.

■ The Supreme Court grants review on decisions of the Idaho Court of Appeals in strictly limited circumstances. Idaho Appellate R. 118(b) provides, "[g]ranting a petition for review from a final decision of the Court of Appeals is discretionary on the part of the Supreme Court, and will be granted only where there are special and important reasons...." While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review from that court, this Court reviews the district court's decision directly. *Workman v. State,* 144 Idaho 518, 522, 164 P.3d 798, 802 (2007) (citing *State v. Rogers,* 140 Idaho 223, 226, 91 P.3d 1127, 1130 (2004)).

### B.

The district court held Hauschulz' petition was untimely. His petition was filed under the Uniform Post Conviction Procedure Act (UPCPA), I.C. §§ 19–4901–19–4911. I.C. § 19–4902 provides, "[A]n application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later."

■ The limitation period of I.C. § 19–4902 begins to run once the Idaho Supreme Court or Court of Appeals issues a remittitur. *Cochran v. State,* 133 Idaho 205, 206, 984 P.2d 128, 129 (Ct.App.1999). A petition is timely where it is filed within a year of a "proceeding following an appeal" of the underlying action it challenges. *Fox v. State,* 129 Idaho 881, 884, 934 P.2d 947, 950 (1997) (holding action for post-conviction relief timely where filed within one year of the Rule 35 motion it challenged). A proceeding following an appeal is "any proceeding that is an extension of the underlying criminal action, and is part of the continuous stream of events which lead to the finality of the judgment of conviction." *Atkinson v. State,* 131 Idaho 222, 224, 953 P.2d 662, 664 (Ct.App. 1998) (petition for certiorari was "proceeding following an appeal" because Supreme Court could affirm, reverse, or remand conviction for further proceedings). Such a proceeding must be one that can question or impact the finality of a judgment, not merely enforce it. *Cochran,* 133 Idaho at 207, 984 P.2d at 130.

■ A number of claims in Hauschulz' petition are not timely under I.C. § 19–4902 because they were not filed within one year of the remittitur on his direct appeal. However, his petition also challenged his trial counsel's failure to place into evidence transcripts from his co-defendant's case that could have impacted his motion to withdraw his plea. If his trial counsel had placed the transcripts into evidence, it is possible that Hauschulz could have withdrawn his guilty plea and proceeded to trial on the felony escape charge. As such, Hauschulz' motion to withdraw his plea, and his trial counsel's

conduct in connection with the motion, are part of the continuous stream of events which led to the finality of his conviction. This Court did not issue the remittitur concerning the motion until July 19, 2002. The petition was filed on July 16, 2003. Thus, the allegations in his petition regarding the motion to withdraw his plea were timely.

### C.

■ While many of the claims in Hauschulz' petition were untimely, his petition raised a genuine issue as to whether his trial counsel was ineffective for failing to place in evidence the trial transcripts from his co-defendant's sentencing. If Hauschulz' allegations are correct, the district court promised Hauschulz he would receive the same sentence as his co-defendant, which he did not. The trial transcripts would reflect the veracity of the allegation. The Court of Appeals held that Hauschulz failed to raise a genuine issue of material fact as to whether "appellate counsel was ineffective in failing to present the requested transcripts on appeal." *See Hauschulz v. State,* Docket No. 30036 (Ct.App. July 31, 2006) (unpublished). This statement does not properly state the issue alleged in the petition.

■ An application for post-conviction relief under the UPCPA initiates a proceeding which is civil in nature. *Stuart v. State,* 136 Idaho 490, 495, 36 P.3d 1278, 1282 (2001). Like a plaintiff in a civil action, an application for post-conviction relief must prove the allegations therein by a preponderance of evidence. *Grube v. State,* 134 Idaho 24, 27, 995 P.2d 794, 797 (2000). Unlike a complaint in a civil action, however, an application for post-conviction relief must contain more than the "short and plain statement of the claim" that suffices for complaints under Idaho R. Civ. P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant. I.C. § 19–4903. The application must include affidavits, records, or other evidence supporting its allegations, or must state why such supporting evidence is not included. *Id.*

■ Summary disposition is appropriate if the applicant's evidence raises no genuine issue of material fact. I.C. § 19–4906(b), (c). On review of a dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file and will liberally construe the facts and reasonable inferences in favor of the non-moving party. *Gilpin–Grubb v. State,* 138 Idaho 76, 80, 57 P.3d 787, 791 (2002). A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. *Ferrier v. State,* 135 Idaho 797, 799, 25 P.3d 110, 112 (2001). When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. *Cooper v. State,* 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). Allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law. *Id.*

■ Hauschulz filed a five-page pro se petition, along with a forty-nine page affidavit and several exhibits, on July 16, 2003. In the petition, he alleged a number of claims, most of which were untimely. However, Hauschulz' claim regarding ineffective assistance of counsel regarding the motion to withdraw his plea was properly pleaded. The Court of Appeals construed his petition as alleging only "defective performance by appellate counsel," but it mistakenly limited the petition. The court "liberally construes the facts and reasonable inferences in favor of the nonmoving party" on a motion for summary dismissal of a petition for post-conviction relief. *Small v. State,* 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct.App.1998) (citing *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993)). This standard is the same as that applied in a civil summary judgment proceeding under Idaho R. Civ. P. 56. *See, e.g., Dulaney v. St. Alphonsus Reg'l Med. Ctr.,* 137 Idaho 160, 163–164, 45 P.3d 816, 819–820 (2002). The standard is applied in order to "avoid dismissal of an inartfully drawn complaint that gives ade-

quate notice of the claims sought to be asserted." *Amco Ins. Co. v. Tri–Spur Inv. Co.,* 140 Idaho 733, 738–39, 101 P.3d 226, 231–232 (2004).

Given the liberal standard that applies, Hauschulz' petition is sufficiently broad to encompass a claim that his trial counsel offered ineffective assistance in relation to the motion to withdraw his guilty plea. Hauschulz asserts in his petition that he repeatedly asked trial counsel to obtain the transcripts of his co-defendant's sentencing, which included discussions referencing Hauschulz and the sentence he was to receive prior to pleading guilty. He asserts the transcripts would disclose that he was to receive the same sentence as his co-defendant. Instead, Hauschulz received prison time while his co-defendant was placed on retained jurisdiction. Hauschulz asserts that he lost his appeal of the district court's denial of his motion to withdraw his guilty plea due to trial counsel's failure to provide an adequate record, i.e. the transcripts. Hauschulz asserts in his petition, "For more than six months, Petitioner instructed his attorney to perfect a Notice of Appeal that he filed, to include the transcripts of his co-defendant." Although the wording is somewhat awkward, it appears that this direction was given to his trial counsel. He contends he lost his appeal because these instructions were not followed. Thus, he claims that he only changed his plea to guilty because he was assured of receiving the same sentence as his co-defendant, that the co-defendant's sentencing transcripts would verify this state of affairs, and that trial counsel's failure to follow his instructions to include the transcripts in the proceedings on his motion to withdraw his guilty plea resulted in the denial of that motion and his subsequent loss on appeal. If the facts Hauschulz alleges are true, he could be entitled to relief. As such, Hauschulz sufficiently alleged a claim of inadequate assistance of counsel on his motion to withdraw his plea.

## III.

Hauschulz' appeal is timely and presents a genuine issue of material fact regarding counsel's handling of the transcript issue. Therefore, we reverse the district court and remand the case for an evidentiary hearing on Hauschulz' claim of ineffective assistance of counsel on his motion to withdraw his guilty plea in order to place the transcripts into evidence.

Chief Justice EISMANN and Justices BURDICK, W. JONES and HORTON, concur.