**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36161**

| | |
|---|---|
| JAVIER P. GARCIA, | 2010 Unpublished Opinion No. 586 |
| Petitioner-Appellant, | Filed: August 10, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent. | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order of the district court summarily dismissing application for post-conviction relief, affirmed.

Javier P. Garcia, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Javier P. Garcia appeals pro se from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**BACKGROUND**

In the underlying criminal case, Garcia entered an *Alford*[1] plea to one count of sexual abuse of a minor child under sixteen pursuant to a plea agreement. I.C. § 18-1506. Garcia entered the agreement in exchange for the state dismissing seventeen felony charges originally made against Garcia, and for the state agreeing with the recommendation of the presentence investigator at sentencing. The district court sentenced Garcia to a unified fourteen-year sentence, with seven years determinate. This Court affirmed Garcia's sentence. *State v. Garcia*,

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Docket No. 33990 (Ct. App. Oct. 26, 2007) (unpublished). Garcia filed a pro se petition and affidavit for post-conviction relief, and a request for appointment of counsel. After appointing counsel for Garcia, the district court issued a notice of intent to dismiss Garcia's petition for post-conviction relief. Garcia failed to respond to the district court's notice of intent to dismiss, and as a result the district court summarily dismissed Garcia's petition. Garcia now appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under Rule 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 88-89, 741 P.2d 374, 375-76 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where

2

the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). In addition, allegations contained in the application are insufficient for the granting of relief when they are clearly disproved by the record of the original proceeding or do not justify relief as a matter of law. *Hauschultz v. State*, 144 Idaho 834, 838, 172 P.3d 1109, 1113 (2007); *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975).

Summary dismissal is permissible only if the applicant's evidence has failed to raise a genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to relief. I.C. § 19-4906(b)-(c); *Gonzales*, 120 Idaho at 761, 819 P.2d at 1161. If such a factual issue is raised, an evidentiary hearing must be held. *Id.* at 763, 819 P.2d at 1163; *Ramirez*, 113 Idaho at 88, 741 P.2d at 375. However, because the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary disposition is permissible, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible to resolve the conflict between those inferences. *State v. Yakovac*, 145 Idaho 437, 180 P.3d 476 (2008). That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.*; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

## III.

## DISCUSSION

### A.     Ineffective Assistance of Trial Counsel

In his petition for post-conviction relief, Garcia alleged that his counsel was ineffective for using an inmate interpreter which caused Garcia to be less than candid with his counsel, for misleading Garcia by telling him that he would receive a lesser sentence if he pled guilty, and for instructing Garcia how he should answer questions at the change of plea hearing.[2] The district

---

[2]     Garcia also asserts, for the first time on appeal, that his post-conviction counsel was deficient for failing to file a supplemental pleading that included the affidavit of Michael Luis Cota, the inmate interpreter. A claim of ineffective assistance of post-conviction counsel is not a

court determined that Garcia failed to bring forth any evidence that raised a genuine issue of material fact that, if resolved in Garcia's favor, would entitle him to the requested relief.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. Tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Garcia argues that in neglecting to provide a non-inmate interpreter during their meetings, he was unable to be candid with his counsel for fear that the inmate interpreter would spread the information to the rest of the jail population. He argues that he was prejudiced by not being able to be candid with his counsel. However, Garcia provided no corroborative evidence to support his assertion that using the inmate interpreter affected his candidness with his attorney or prejudiced him in any way. The district court did not err, therefore, in rejecting Garcia's conclusory allegations that he was prejudiced by counsel's use of an inmate interpreter.

Garcia also argues that his guilty plea was the product of coercion and was not knowingly and voluntarily made based upon the misrepresentation by his attorney that he would receive a lesser sentence than he ultimately did, as well as taking instruction from his attorney on how to answer questions at the change of plea hearing. He argues that if he had been properly advised

---

separately cognizable claim for post-conviction relief. *See Lee v. State*, 122 Idaho 196, 832 P.2d 1131 (1992).

4

by his attorney on the sentence he ultimately received, he would have insisted on going to trial instead. The record indicates that when Garcia agreed to enter an *Alford* plea, he indicated his understanding of the maximum penalty he could receive under the statute he was being charged under. He also indicated that he was entering into the agreement intelligently, knowingly, and voluntarily, and that no unlawful threats were made to secure his plea of guilty. In addition, the agreement was read to Garcia twice in Spanish, and he spoke with his attorney before signing it.

The change of plea colloquy between the court and Garcia belies Garcia's claims that he did not understand the guilty plea and that he was coerced into pleading guilty by his counsel:

[Court]:     All right. According to this document, you agree to plead guilty to sexual abuse of a child under the age of sixteen years. It's a felony, a violation of Idaho Code 18-1506 of the Idaho Code; is that correct?

[Garcia]:     Yes.

[Court]:     What's the difference in that charge and the charge you had before?

[Garcia]:     That this is less time, and the other one was life.

[Court]:     Okay. This one requires just a touching, correct? In other words, the criminal act is less, correct?

[Garcia]:     Yes.

[Court]:     In addition, the penalty is less.

(Defendant nods head affirmatively.)

[Court]:     Do you know what the possible penalty could be, the maximum amount, the maximum penalty?

[Garcia]:     Fifteen.

[Court]:     Fifteen years and still a 50,000-dollar fine, right?
Now, you understand now your plea agreement is not binding on the Court so far as sentencing is concerned; is that right?

[Garcia]:     Yes.

[Court]:     And did you sign this agreement knowing what it meant and intending to sign it?

[Garcia]:     Yes.

[Court]:     In the agreement it talks about an Alford plea, makes a reference to North Carolina versus Alford. Did you and your attorney talk about an Alford plea?

(Defendant nods head affirmatively.)

[Court]:     Okay. What is an Alford plea?

[Garcia]:     Well I don't remember too well, but --

[Counsel for Garcia]: Do you need my assistance?

[Court]:     Now counselor, if that's for my edification, you've got to speak up.

[Counsel for Garcia]: Okay.

[Court]:     Let's do it this way: Mr. Garcia, what you're telling me is that you don't admit -- in fact, you deny you committed the act of sexual

5

> abuse to a child under the age of sixteen. You're saying, in effect, I didn't do it.
> You also concede, you tell me, that you know that there is substantial evidence upon which a jury can find you guilty of the charge; is that right?

[Garcia]: Yes.

[Court]: And, further, that you're pleading guilty to obtain the benefit of the agreement, which is, first, a lesser sentence than the one charged and a dismissal of thirteen other charges, which carry life imprisonment.

[Counsel for Garcia]: Sixteen.

[Court]: More than that because the total charges are eighteen, and you're going to settle and plea to one. The others will be dismissed. Do you understand that?

[Garcia]: Yes.

[Court]: You understand, if I don't accept your -- the recommendation, in other words, if I do not concur with the presentence investigator's recommendation, which we don't know about yet, you cannot withdraw your plea, correct?

[Garcia]: Yes.

In this colloquy, Garcia indicated to the district court that he was aware of the maximum sentence he could receive, and that he voluntarily signed the plea agreement and knew what it meant. Accordingly, the district court properly determined that Garcia failed to present a genuine issue of material fact with respect to his claim that his counsel was ineffective for misleading him and instructing him on how to answer questions at his change of plea hearing.

**B.     Excessive Sentence**

In his petition for post-conviction relief, Garcia also alleged that his sentence was illegal and unconstitutional. He alleged that he will be subject to the entire fourteen-year sentence because, due to his status as an illegal immigrant, he is unable to participate in any programs or pay any fines, thereby making him ineligible for parole. The district court dismissed his claim, finding that Garcia failed to present admissible evidence in support of the allegation of an illegal sentence, and also because this issue was forfeited because it could have been raised on direct appeal and was not.

Without challenging the district court's determination that the sentence was legal, Garcia asserts on appeal that the sentence the district court imposed was arbitrary and inconsistent with the facts established in the presentence investigation report, making it excessive. He again argues that he will automatically be subject to the full fourteen-year sentence because an

immigration hold will make him ineligible for parole. The state argues that Garcia failed to raise this issue below, and even if Garcia had done so, it would be procedurally barred. Because Garcia raises this issue for the first time on appeal, it is not properly before this Court. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Even assuming Garcia had presented an excessive sentence claim in his petition for post-conviction relief, it would have been properly dismissed because the sentence was legal and within the statutory limits. *See Berg v. State*, 131 Idaho 517, 520, 960 P.2d 738, 741 (1998) (stating that a claim that a sentence is excessively harsh affords no basis for post-conviction relief if the sentence is otherwise legal and within statutory limits). Moreover, even if Garcia raised this claim in his petition for post-conviction relief, the claim would have been barred by the doctrine of res judicata because it had already been decided on direct appeal.[3] *See State v. Creech*, 132 Idaho 1, 10, 966 P.2d 1, 10 (1998) (holding that when legal issues in a criminal action are decided on direct appeal, the defendant is barred by the doctrine of res judicata from raising them again in a post-conviction relief proceeding).

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Garcia's petition for post-conviction relief. Garcia has failed to show that his counsel was ineffective or that his sentence was excessive. Accordingly, we affirm.

Judge GRATTON and Judge MELANSON, CONCUR.

---

[3] Garcia's Rule 35 motion was denied and his sentence was affirmed on direct appeal. *See State v. Garcia*, Docket No. 33990 (Ct. App. Oct. 26, 2007) (unpublished).