IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42160

| | | |
|---|---|---|
| DIEGO PEREGRINA, | ) | 2015 Published Opinion No. 46 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 21, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, vacated and remanded.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Diego Peregrina appeals from the district court's judgment summarily dismissing his petition for post-conviction relief on the ground that it was untimely filed. For the reasons set forth below, we vacate the judgment and remand for further proceedings.

## I.

## FACTS AND PROCEDURE

In 2007, Peregrina shot two men following an argument at a child's birthday party. Both men survived. Peregrina was found guilty by a jury trial of two counts of aggravated battery, I.C. §§ 18-903(a) and 18-907(1)(b), and two enhancements for the use of a firearm during the commission of those batteries, I.C. § 19-2520. Peregrina appealed from the judgment of conviction, contending that, pursuant to I.C. § 19-2520E, he could only be subject to one sentence enhancement because the crimes arose out of the same indivisible course of conduct and that the district court erred by imposing multiple enhancements. This Court affirmed. Peregrina then petitioned for review, which the Idaho Supreme Court granted. The Court

remanded the case to the district court for a finding of whether Peregrina's course of conduct was divisible or indivisible and, if it were found indivisible, to resentence Peregrina consistent with that finding. *State v. Peregrina*, 151 Idaho 538, 541, 261 P.3d 815, 818 (2011).

On remand, the district court found that the aggravated batteries arose out of the same indivisible course of conduct and, on December 15, 2011, resentenced Peregrina. Peregrina appealed from that amended judgment of conviction, contending that his sentences were excessive. This Court affirmed in an unpublished opinion. *State v. Peregrina*, Docket No. 39565 (Ct. App. Oct. 19, 2012). The remittitur on that appeal was issued on November 16, 2012.

On November 15, 2013, Peregrina filed a petition for post-conviction relief, asserting claims of ineffective assistance of counsel at trial and deprivation of the right to a public trial. The State moved to dismiss the petition, contending that it was filed outside the statute of limitation prescribed by I.C. § 19-4902(a). The district court granted the state's motion and dismissed the petition. Peregrina appeals.

## II.

## STANDARD OF REVIEW

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. An appeal from a judgment of conviction in a criminal case may be filed within forty-two days of the entry of judgment. Idaho Appellate Rule 14(a). Thus, if no appeal is filed from a judgment of conviction, the one-year limitation period for a post-conviction action commences on the forty-third day after judgment. *Schultz v. State*, 151 Idaho 383, 385, 256 P.3d 791, 793 (Ct. App. 2011); *Gonzalez v. State*, 139 Idaho 384, 386, 79 P.3d 743, 745 (Ct. App. 2003). An untimely petition for post-conviction relief--one filed outside of the one-year limitation period--must be dismissed absent a showing that the limitation period should be equitably tolled. *Evensiosky v. State*, 136 Idaho 189, 190-91, 30 P.3d 967, 968-69

(2001); *Schultz*, 151 Idaho at 385, 256 P.3d at 793; *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

### III.

### ANALYSIS

Peregrina contends that the district court erred in determining that his petition was untimely filed. The district court concluded that the I.C. § 19-4902(a) one-year limitation period began to run on December 15, 2011--the date that the district court entered the amended judgment of conviction following remand from the Idaho Supreme Court. As a result, the district court held that Peregrina's November 15, 2013, petition for post-conviction relief was untimely filed by almost one year. The district court specifically held that Peregrina's last appeal from the amended judgment "did not renew or extend the time to file a post-conviction petition alleging errors at trial." Peregrina argues that this determination was incorrect and that the one-year limitation period began to run on November 16, 2012--the date that the remittitur issued after his appeal from the amended judgment of conviction. Thus, he claims that his petition was timely filed with one day to spare.

We begin our analysis by interpreting the provisions of I.C. § 19-4902(a), which is a matter of free review. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997). The statute provides that a post-conviction petition "may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of proceedings following an appeal, whichever is later." I.C. § 19-4902(a). The statute refers only to the generic term "appeal," but it is well established that this means the direct appeal from the judgment of conviction in the underlying criminal case. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Gonzalez*, 139 Idaho at 385, 79 P.3d at 744; *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. Thus, the timeliness of a post-conviction action under this circumstance is determined by the date when the judgment of conviction becomes final under the circumstances of the case at hand. *Atkinson v. State*, 131 Idaho 222, 224, 953 P.2d 662, 664 (Ct. App. 1998).

Under I.C. § 19-4902(a), if no direct appeal is filed from the judgment of conviction and sentence, the judgment becomes final forty-two days after the file-stamp date on the judgment, and the one-year statute of limitation begins to run on the forty-third day. *Schultz*, 151 Idaho at

385, 256 P.3d at 793; *Gonzalez*, 139 Idaho at 386, 79 P.3d at 745. If a timely[1] direct appeal is filed, the judgment becomes final and the one-year limitation period begins to run when the appeal is final, which occurs when the appellate court issues a remittitur. *Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Ct. App. 1999). But the judgment does *not* become final if there are further proceedings directly flowing from that appeal, in which case the limitation period does not begin to run until those proceedings conclude.[2]

An exception to the finality of judgment measure applies to post-judgment proceedings in a criminal case that result in appealable orders that are not pursued as part of a direct appeal from the judgment or could not be so raised because of timing issues. *See* I.A.R. 17(e)(1). If those proceedings in the criminal case challenge the validity of the conviction or sentence, the statute of limitation for post-conviction claims *related thereto* does not run from the finality of the judgment but, instead, the limitation period runs from the final resolution of the post-judgment proceedings in the criminal case. *See Gonzalez*, 139 Idaho at 386, 79 P.3d at 745.

Where there has been a post-judgment motion or proceeding in a criminal action, the order entered on the post-judgment matter ordinarily does not extend the statute of limitation for a post-conviction action pertaining to the judgment of conviction or original sentence.[3] *Gonzalez*, 139 Idaho at 386, 79 P.3d at 745. In other words, the time limit to file a petition for post-conviction relief regarding prejudgment matters is not renewed or extended by any other

---

[1]    A direct appeal must be timely filed in order to delay the running of the statute of limitation. *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010); *Loman v. State*, 138 Idaho 1, 2, 56 P.3d 158, 159 (Ct. App. 2002).

[2]    For example, in *Atkinson*, 131 Idaho at 224-25, 953 P.2d at 664-65, this Court held that a "proceeding following an appeal" under I.C. § 19-4902 included a petition to the United States Supreme Court for a writ of certiorari from an Idaho appellate decision because the judgment was not final as long as the Supreme Court could potentially affirm, reverse, or remand the conviction for further proceedings.

[3]    An exception to this rule exists when a cognizable post-judgment motion is filed within fourteen days from entry of the judgment of conviction. *Gonzalez*, 139 Idaho at 386 n.1, 79 P.3d at 745 n.1. Idaho Appellate Rule 14 provides that, in such an event, the period for appeal from the judgment commences upon the entry of an order deciding the post-judgment motion. Because the time for appeal from the judgment is extended, the commencement of the limitation period for a post-conviction action is likewise extended. *Gonzalez*, 139 Idaho at 386 n.1, 79 P.3d at 745 n.1.

collateral post-judgment proceeding. *Martinez*, 130 Idaho at 534, 944 P.2d at 131; *Freeman*, 122 Idaho at 629, 836 P.2d at 1090.

This was the case in *Hauschulz v. State*, 144 Idaho 834, 172 P.3d 1109 (2007), which the district court relied upon in holding that Peregrina's petition was untimely. In *Hauschulz*, the defendant pled guilty to a criminal offense and filed a direct appeal from the judgment of conviction. This Court affirmed on July 11, 2000,[4] and the defendant pursued his direct appeal no further. In the interim, the defendant filed a post-judgment motion in the trial court to withdraw his plea and then appealed from the denial of the motion. This Court affirmed and a remittitur was filed on July 19, 2002. On July 16, 2003, the defendant filed a petition for post-conviction relief, asserting claims arising from prejudgment proceedings and a claim of ineffective assistance of counsel in the handling of his post-judgment motion to withdraw his guilty plea. The district court dismissed the petition as untimely. On appeal, the Idaho Supreme Court held that the post-conviction claims based upon prejudgment proceedings were untimely because they were not filed within one year of the issuance of the remittitur for the defendant's direct appeal. *Id.* at 837-38, 172 P.3d at 1112-13. However, the Court further held that the claim that the defendant's counsel provided ineffective assistance in presenting the motion to withdraw the plea was timely because the remittitur on direct appeal of that proceeding was not filed until July 19, 2002, and the petition was filed less than one year later. *Id.* at 838, 172 P.3d at 1113.

Here, Peregrina timely filed a direct appeal from the judgment of conviction and the Idaho Supreme Court remanded the case to the district court for further proceedings. On remand, the district court ruled that only one enhanced penalty could be imposed and resentenced Peregrina. Peregrina again timely appealed from that amended judgment. This Court affirmed the judgment of conviction and sentences and the remittitur in this last appeal was issued on November 16, 2012. On November 15, 2013, Peregrina filed the instant petition for post-conviction relief.

The district court erred when it concluded that the one-year limitation period began to run on December 15, 2011--the date the district court entered the amended judgment of conviction following the remand from Peregrina's first appeal. The amended judgment of conviction did not become final until Peregrina's appeal therefrom became final through entry of the November 16, 2012, remittitur. This final appeal delayed the start of the one-year limitation

---

[4] Although the *Hauschulz* opinion does not directly state this, the remittitur in the direct appeal was filed on August 2, 2000.

period because it was a proceeding that was an extension of the underlying criminal action and was part of the continuous stream of events which led to the finality of the judgment of conviction. *See Atkinson*, 131 Idaho at 224, 953 P.2d at 664. Indeed, finality may be reached "upon completion of the case consistent with directives given with a remand from the appellate court *and exhaustion of further appellate remedies*." *Freeman*, 122 Idaho at 629, 836 P.2d at 1090 (emphasis added). Under the application of I.C. § 19-4902(a) in this case, what particular issues were raised in the direct appeal is irrelevant. Instead, the determinative factor is when the judgment of conviction became final. Because Peregrina's petition was filed within one year of the date on which the amended judgment of conviction became final (November 16, 2012), his prejudgment claims of ineffective assistance of trial counsel and deprivation of the right to a public trial were timely.

## IV.

## CONCLUSION

The district court erred when it determined that Peregrina's post-conviction petition was untimely filed. Accordingly, the district court's judgment summarily dismissing Peregrina's petition for post-conviction relief is vacated and this case is remanded to the district court for further proceedings consistent with this opinion. Costs, but not attorney fees, are awarded to Peregrina on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.