## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43917

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 1 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 11, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| COREY DALE YOUNG, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Corey Dale Young appeals from the district court's order denying his motion for credit for time served. Young argues the district court erred when it denied his request for credit for time served because the district court did not give credit for prejudgment incarceration on each count. The Idaho Supreme Court did not retroactively apply its interpretation of Idaho Code § 18-309 in *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015) and Young's case was not on direct review at the time the *Owens* opinion was issued; therefore, we affirm the district court's denial of Young's motion for credit for time served.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The State charged Young with four counts of burglary and four counts of grand theft in 2012. In exchange for the State dismissing two burglary charges and two grand theft charges, Young pleaded guilty to four felony offenses: (1) burglary, I.C. § 18-1401; (2) grand theft, I.C.

1

§§ 18-2403(1), -2407(1)(b), and -2409; (3) burglary, I.C. § 18-1401; and (4) grand theft, I.C. §§ 18-2403(1), -2407(1)(b), and -2409. For the first burglary charge, the district court imposed a one-year determinate sentence. For the first grand theft charge, Young received a unified sentence of eight years, with one year determinate. On the second burglary charge, the district court imposed a unified sentence of nine years, with one year determinate. For the second grand theft charge, Young received a two-year determinate sentence. The district court ordered the sentences to be served consecutively, for an aggregate unified sentence of twenty years, with five years determinate. At the time of judgment, the district court gave Young ninety-four days credit for time served. Young never appealed from the judgment of conviction; as such, his conviction became final on April 18, 2013.

In 2015, Young filed a motion for credit for time served, asking for credit for the time he spent in custody prior to the entry of the judgment of conviction. Young argued he was held on all four counts for ninety-four days, but received credit on only one count. As a result, Young claimed he was owed an additional 282 days of credit for time served. The district court denied the motion. Young timely appeals.

## II.

## STANDARD OF REVIEW

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *Id*. Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

The award of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an Idaho Criminal Rule 35(c) motion for credit for time served, the court shall give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated

2

before judgment. *Id.* *See also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

## III.

## ANALYSIS

Young argues the district court erred when it denied his request for credit for time served. Although an Idaho Criminal Rule 35(c) motion seeking credit for time served may be filed at any time, unless the underlying case was on direct review at the time the *Owens'* opinion was issued, the holding in *Owens* is inapplicable.

In *Owens*, the Idaho Supreme Court overruled precedent regarding the calculation of credit for time served in cases in which the sentences were ordered to run consecutively. *Owens*, 158 Idaho 1, 343 P.3d 30. In that case, Owens pleaded guilty to eight counts of issuing a check without funds, and the district court issued a unified sentence of fifteen months, with six months determinate, for each charge. *Id.* at 2, 343 P.3d at 31. The district court ordered the eight counts to run consecutively to each other and to run concurrently with one count of grand theft in an unrelated case. *Id.* Owens argued he should receive credit for the prejudgment time he served on each of the eight counts, not just the one count for which he received credit. *Id.* at 3, 343 P.3d at 32.

The *Owens* Court analyzed I.C. § 18-309 and prior Idaho Supreme Court precedent, especially *State v. Hoch*, 102 Idaho 351, 630 P.2d 143 (1981). The *Owens* Court focused only on the first sentence of I.C. § 18-309, which states: "In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." The Court acknowledged its previous holding that this section of I.C. § 18-309 prohibits a court from crediting confinement to more than one count of a sentence. *Owens*, 158 Idaho at 3, 343 P.3d at 32 (citing *Hoch*, 102 Idaho at 351, 630 P.2d at 143). However, the Court overruled the holding in *Hoch* and the subsequent

Idaho Court of Appeals' opinions because, "Idaho Code section 18-309's language plainly gives credit for prejudgment time in custody against each count's sentence. The statute does not limit that credit in any way." *Owens*, 158 Idaho at 4, 343 P.3d at 33. When applied, the Court held that Owens should receive credit for the time he served on each of the eight separate offenses. *Id.*

However, the *Owens* Court clearly limited the application of its holding: "Therefore, we apply this Court's new interpretation of Idaho Code section 18-309's plain language only prospectively and to cases now on direct review." *Id.* at 7. Young argues his motion for credit for time served is, in essence, a direct review since I.C.R. 35(c) provides that a motion may be filed at any time, and therefore, the issue regarding credit for time served is directly raised to the court. The State responds there was no error in the district court's computation of credit for time served, and to allow Young to raise this claim through an I.C.R. 35(c) motion after his underlying conviction was final would render moot the Idaho Supreme Court's holding that *Owens* would only apply prospectively and to cases on direct review.

The issue in this case is not whether Young's case is currently on direct review or is a collateral challenge. Instead, the issue is whether Young's case was on direct review at the time the *Owens* opinion was issued. A judgment of conviction becomes final if no direct appeal is filed within forty-two days of the file-stamp date on the judgment. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Because Young filed no appeal, his underlying conviction was final in April 2013, almost two years prior to the decision in *Owens*. For Young to obtain the benefit of the new interpretation of I.C. § 18-309, Young's underlying case must have been pending on direct review when the rule was announced. It was not. Therefore, he is unable to avail himself of the holding announced in *Owens* and the district court did not err in denying Young's I.C.R. 35 motion for credit for time served.

## IV.

### CONCLUSION

Because Young's judgment of conviction was final and not on direct review at the time *Owens* was announced and because *Owens* applies only to cases on direct review at the time the *Owens'* opinion was issued, we affirm the district court's order denying Young's I.C.R. 35 motion for credit for time served.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

4