IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38409

| DEWAYNE NOBLE BANKS, | ) | 2012 Unpublished Opinion No. 594 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 17, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Dewayne Noble Banks appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Banks was found guilty of robbery and admitted to being a persistent violator. Banks was sentenced to a unified term of life imprisonment, with a minimum period of confinement of ten years. Banks filed a notice of appeal and an I.C.R. 35 motion for reduction of his sentence. After the district court denied Banks' Rule 35 motion, he filed a notice of appeal. In an unpublished opinion, this Court affirmed Banks' judgment of conviction and sentence and the denial of his Rule 35 motion. *State v. Banks*, Docket Nos. 27207 and 27629 (Ct. App. June 4, 2002). A remittitur was issued in August 2002.

1

Banks filed a federal petition for writ of habeas corpus. The action was stayed so Banks could exhaust his state court remedies. Banks filed a petition for post-conviction relief, which was dismissed in October 2003. Following the dismissal of Banks' appeal from the post-conviction action, Banks was permitted to reopen his federal habeas corpus case and filed an amended petition, which was dismissed. Attempts to appeal to the Ninth Circuit Court of Appeals were unsuccessful. In April 2009, a letter was sent to Banks stating that his petition for writ of certiorari to the United Sates Supreme Court had been denied.

In June 2009, Banks filed a successive petition for post-conviction relief alleging ineffective assistance of trial counsel. The state filed an answer and a motion for summary dismissal, asserting that Banks' petition was untimely pursuant to the one-year statute of limitation set forth in I.C. § 19-4902(a) and was an improper successive petition pursuant to I.C. § 19-4908. The district court entered an order granting the state's motion on those grounds. Banks filed a motion to alter or amend the judgment on post-conviction relief.[1] Banks alleged that his petition was timely because it was filed within one year of the April 2009 denial of his petition for writ of certiorari to the United States Supreme Court and was a proper successive petition. Banks alleged that his initial post-conviction counsel was ineffective because counsel did nothing on Banks' behalf.

In its memorandum decision upon Banks' motion, the district court determined that Banks' federal habeas corpus proceeding did not qualify as a proceeding following an appeal and, therefore, the time in which to file a petition for post-conviction relief began in August 2002 when this Court's opinion affirming Banks' judgment of conviction and sentence and the denial of his Rule 35 motion became final. Thus, because Banks' petition was filed in June 2009, the district court concluded that the petition was untimely pursuant to I.C. § 19-4902(a). The district court also concluded that it was unnecessary to engage in an analysis of why Banks' petition represented an improper successive petition. Thereafter, the district court entered a final judgment dismissing Banks' successive petition for post-conviction relief. Banks appeals.

---

[1] In its memorandum decision upon Banks' motion, the district court determined that, because no final judgment had been entered, the motion would be considered as one for reconsideration pursuant to I.R.C.P. 11(a)(2)(B).

## II.

## ANALYSIS

Banks argues that the district court erred by dismissing his successive petition for post-conviction relief. Specifically, Banks asserts that his petition was timely because it was filed within one year of the April 2009 denial of his petition for writ of certiorari to the United States Supreme Court and was a proper successive petition. Banks asserts that his initial post-conviction counsel was ineffective for preventing Banks from properly presenting his arguments.

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). All claims for post-conviction relief must be raised in an original, supplemental, or amended petition. I.C. § 19-4908. An original petition must be filed within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992).

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In

3

determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.*

While the district court here determined that Banks' successive petition for post-conviction relief was untimely pursuant to I.C. § 19-4902(a), the time requirement for filing a successive petition is not the one-year limit provided by I.C. § 19-4902(a). Instead, the correct standard to measure the timeliness of a successive petition is articulated in *Charboneau*, 144 Idaho at 905, 174 P.3d at 875:

> [T]here should be a reasonable time within which such claims [which were not known when the original petition was filed] are asserted in a successive post-conviction petition, once those claims are known. . . .  In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis, as has been done in capital cases.

Therefore, the question is whether Banks filed a successive petition asserting a claim, which was not known when his initial petition was filed, within a reasonable time after the claim was known or should have been known.

As noted above, Banks asserts that his petition was timely pursuant to I.C. § 19-4902(a) because it was filed within one year of the April 2009 denial of his petition for writ of certiorari to the United States Supreme Court and was a proper successive petition.[2]  Banks asserts that his initial post-conviction counsel was ineffective for preventing him from properly presenting his arguments.  However, as just explained, the time requirement for filing a successive petition is not the one-year limit provided by I.C. § 19-4902(a).  Further, ineffective assistance of counsel

---

[2]     Banks cites *Atkinson v. State*, 131 Idaho 222, 953 P.2d 662 (Ct. App. 1998), arguing that his petition for certiorari to the United States Supreme Court following dismissal of his federal habeas corpus case was a "proceeding following an appeal" and that his petition in this case was filed within one year of that denial and was, therefore, timely under I.C. § 19-4902(a).  In *Atkinson*, we held that the one-year limitation period in I.C. § 19-4902 begins to run when the United States Supreme Court denies certiorari from a decision of a state appellate court in the underlying criminal case.  *Atkinson*, 131 Idaho at 225, 953 P.2d at 655.  We defined a "proceeding following an appeal" as "any proceeding that is an extension of the underlying criminal action, and is part of the continuous stream of events which lead to the finality of the judgment of conviction."  *Atkinson*, 131 Idaho at 224, 953 P.2d at 654.  However, we also noted that such a proceeding does not encompass a separately filed post-conviction proceeding or one for relief such as by way of a writ of habeas corpus subsequent to the judgment of conviction.  *Id.*  Thus, Banks' reliance on *Atkinson* is misplaced.

claims are presumed to be known when they occur. *Rhoades*, 148 Idaho at 253, 220 P.3d at 1072. Thus, Banks knew or should have known about the alleged ineffective assistance of his initial post-conviction counsel for preventing Banks from properly presenting his arguments at the time of his initial post-conviction action. Banks did not file his successive petition for post-conviction relief until June 2009--over five and a half years after the dismissal of his initial post-conviction action. We conclude that Banks did not file his successive petition within a reasonable time. Therefore, the district court did not err by summarily dismissing Banks' successive petition because such petition was untimely. Having concluded that Banks' petition was properly dismissed as untimely, we need not separately address whether Banks' petition represented a proper successive petition.

### III.

### CONCLUSION

Banks' successive petition for post-conviction relief was untimely. Therefore, the district court's order summarily dismissing Banks' successive petition for post-conviction relief is affirmed. No costs or attorney fees awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**